IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
In re:

ETOYS, INC., et al.,

          Confirmed Debtors.

------------------------------------------------------X

Chapter 11

Case Nos. 01-0706 (RB)
Through 01-0709 (RB)

Re: Docket Nos. 2287 & 2301

### ORDER (A) DISMISSING CLAIMS FILED BY COLLATERAL LOGISTICS, INC. AND (B) DENYING EMERGENCY MOTION BY COLLATERAL LOGISTICS, INC. FOR AN EXTENSION OF TIME TO SEEK NEW COUNSEL AND/OR TO ACT PRO SE

Upon the Motion by The Post Effective Date Committee to Dismiss Claims Filed by Collateral Logistics, Inc. [Docket No. 2301] (the "Motion to Dismiss") and the Emergency Motion by Collateral Logistics Inc. for an Extension of Time to Seek New Counsel and/or to Act Pro Se (the "Emergency Motion"); and due and sufficient notice of the hearing on the Motion to Dismiss having been given; and for the reasons set forth in the Motion to Dismiss and at the hearing thereon held on August 22, 2005 (the "August 22 Hearing"); and after due deliberation and good and sufficient cause having been shown, the Court hereby finds as follows:

    A.    CLI was retained by Orders dated April 25, 2001 [Docket No. 249] and July 9, 2001 [Docket No. 515] to provide transportation and security services in connection with the liquidation of estate inventory (together, the "CLI Retention Orders");

    B.    The CLI Retention Orders require CLI to file and serve periodic and final applications for payment of its fees for services rendered and reimbursement of expenses, including with such applications all supporting documentation;

    C.    CLI failed to file any fee applications as required by the CLI Retention Orders;

#14606.1

H- 8/22/05

D. A dispute arose between the estate and CLI as to the amount of fees and expenses, if any, owed to CLI;

E. Representatives of the estate and CLI negotiated a compromise of the disputed fees and expenses as set forth in the Affidavit of Steven Haas in Support of Collateral Logistics, Inc.'s Request for Payment of Expenses dated November 28, 2001 (the "Affidavit") filed with the Court [Docket No. 2133];

F. CLI thereafter filed two "bare bone" proofs of claim dated February 14, 2002 and March 1, 2002 seeking payment beyond the amounts CLI previously was paid and the amounts agreed to as set forth in the Affidavit (together, the "CLI Claims");

G. The CLI Claims lack any supporting documentation as required by the Bankruptcy Rules;

H. The PEDC filed objections to the CLI Claims and thereafter sought discovery against CLI;

I. When CLI failed to properly and fully respond to the PEDC's discovery requests the PEDC filed a Motion to: (A) Compel Production of Documents and Responses to Discovery Requests; (B) Quash Subpoenas, and (C) Stay Third Party Discovery Requests Propounded By Collateral Logistics, Inc. (the "Motion to Compel") and a Supplement to the Motion to Compel;

J. The Motion to Compel was granted by Order dated December 6, 2004 [Docket No. 2133];

K. CLI failed to comply with the December 6, 2004 Order Granting the Motion to Compel;

L. By Order dated June 6, 2005 [Docket No. 2274], CLI was directed to obtain new counsel on or before June 20, 2005 at 4:00 p.m. with no further extensions;

M. CLI failed to obtain substitute counsel on or before the June 20, 2005 deadline;

N. By Order dated July 26, 2005 [Docket No. 2302] (the "Order Granting Motion to Strike"), the Court ruled that CLI could not appear *pro se* and specifically prohibited CLI from causing any future filings in this matter and specifically prohibited Steven Haas from representing or causing any future filings on behalf of CLI;

O. The Order Granting the Motion to Strike specifically provided that any future pleadings by CLI *pro se* or Haas on behalf of CLI, shall result in the imposition of sanctions;

P. The Order Granting Motion to Strike is in accord with the oral ruling made by Chief Judge Walrath on March 1, 2005 that CLI cannot appear *pro se*;

Q. CLI filed its Emergency Motion on June 17, 2005 [Docket No. 2287];

R. Following the entry, and in violation of, the Order Granting Motion to Strike, Steven Haas submitted the following pleadings on behalf of CLI and *pro se*:

    a. Response by Collateral Logistics to PEDC Motion to Dismiss Collateral Logistics Claim; and

    b. Motion by Steve Haas to Seek Compensation by 503(b) Substantial Contribution and to Object to the Post Effective Date Committee Motion to Dismiss Collateral Logistics;

S. CLI had sufficient time to secure substitute counsel;

T. CLI had ample opportunity to providing supporting documentation, if any, for the CLI Claims;

  U. Rule 41(b) of the Federal Rules of Civil Procedure and relevant case law, *see, e.g., Workman v. Biles*, No. 00-1030, 2004 U.S. Dist. LEXIS 4948 (d. Del. March 18, 2004), identify its factors for a Court to consider in connection with dismissal of a claim for future to prosecute. Application of those factors to the facts presented here demonstrate cause to dismiss CLI claims; and

  V. In connection with these findings, the Court takes judicial notice of the following:

  (a) Order Authorizing and Approving Employment of Collateral Logistics, Inc. as Liquidation Consultant to the Debtors [Docket No. 249];

  (b) Order Authorizing and Approving Employment of Collateral Logistics, Inc. as Liquidation Agent for the Debtors [Docket No. 515];

  (c) Proof of Claim of Collateral Logistics, Inc. dated February 14, 2002;

  (d) Proof of Claim of Collateral Logistics, Inc. dated March 1, 2002;

  (e) Order Regarding Motion by Post-Effective Date Committee to Compel Responses to Discovery and for Other Appropriate Relief [Docket No. 2133];

  (f) Order Granting Motion of The Bayard Firm and Brook & Hockman LLP for Leave to Withdraw as Counsel to Collateral Logistics, Inc. [Docket No. 2274]; and

  (g) Order Dated July 25, 2001 [Docket No. 2302].

ACCORDINGLY, BASED ON THE FOREGOING AND THE RECORD MADE AT THE AUGUST 22 HEARING, IT IS HEREBY

  ORDERED, that the Motion to Dismiss is granted, with prejudice, and the Emergency Motion is denied; and it is further

#14606

4

ORDERED, that the CLI Claims, including any administrative claim or other claim it has asserted or may assert against these estates, are disallowed and expunged in their entirety; and it is further

ORDERED, that this Court shall retain jurisdiction over any dispute relating to this Order.

Dated: August 25, 2005
       Wilmington, Delaware

*[signature]*
United States Bankruptcy Judge

#14606    5