<u>Motion</u> For Designation for Appeal to be heard in the US District Court of Wilmington Delaware.

In re: eToys 01-706 thru 01-709 Jointly Administrated

RE: Concerning the Appeal by Steven Haas/ Collateral Logistics, Inc.

United States District Court Federal for the District of Wilmington Delaware

In re: eToys 01-706 through 01-709 (jointly administrated)

I Steve Haas Pro Se and as 100% owner for Collateral Logistics, Inc ("CLI")
As collectively and separately are the Plaintiff (the "Plaintiff")

v

, ebcI, Inc. formerly known as eToys, Inc. DE Fed Dist case # 01-706 thru 01-709 and the confirmed Plan Committee thereof the Post Effective Date Committee (the "PEDC") as collectively and separately are the Defendant (the "Defendant")

### MOTION for APPEAL to be Heard in Federal District Court

Whereas the Plaintiff appeals to the United States District Court for the District of Wilmington Delaware from the Judgement/order/decree of Randolph Baxter as visiting Justice assigned to the CLI claim in the eToys ESTATE case where His Honor Randolph Baxter in the Bankruptcy Court of Wilmington Delaware did rule to void and expunge the CLI claim on August 22, 2005 and did sign an Order to such effect on August 25, 2005.

Whereas I, Steven Haas, also known as Laser Steven Haas as 100% owner of CLI did perform work in compliance with a Court Order signed by Her Honor Mary F Walrath do this day, August 31, 2005 declare the intent to appeal and raise issue with His Honor Randolph Baxter's ruling against CLI and I, Steve Haas.

Having Timely filed the Notice of Appeal and paid the Appropriate Fee of $255 as required I/We, Steven Haas/Collateral Logistics, Inc. (CLI) request that the Appeal of the Judgment by His Honor Randolph Baxter of August 22, 2005 dismissing the CLI claim be heard in the United States District Court of Wilmington Delaware.

Dated Sept 11, 2005
Signed [signature]
Pro Se Litigant

Service Sent electronically (email) to Fred Rosner of the Firm Jaspen Schellisnger as local counsel for the Post Effective Date Committee (PEDC)

### Listing of Items to be heard on Appeal as Record and Issues

In re: eToys 01-706 thru 01-709 Jointly Administrated

RE: Concerning the Appeal by Steven Haas/ Collateral Logistics, Inc.

United States District Court Federal for the District of Wilmington Delaware

In re: eToys 01-706 through 01-709 (jointly adminitstrated)

> I Steve Haas Pro Se and as 100% owner for Collateral Logistics, Inc ("CLI")
> As collectively and separately are the Plaintiff (the "Plaintiff")
>
> v
>
> , ebc1, Inc. formerly known as eToys, Inc. DE Fed Dist case # 01-706 thru 01-709 and the confirmed Plan Committee thereof the Post Effective Date Committee (the "PEDC") as collectively and separately are the Defendant (the "Defendant")

### Record and Issue Items of Appeal

Whereas the Plaintiff appeals to the United States District Court for the District of Wilmington Delaware from the Judgment/order/decree of Randolph Baxter as visiting Justice assigned to the CLI claim in the eToys ESTATE case where His Honor Randolph Baxter in the Bankruptcy Court of Wilmington Delaware did rule to void and expunge the CLI claim on August 22, 2005 and did sign an Order to such effect on August 25, 2005.
Whereas I, Steven Haas, also known as Laser Steven Haas as 100% owner of CLI did perform work in compliance with a Court Order signed by Her Honor Mary F Walrath do this day, August 31, 2005 declare the intent to appeal and raise issue with His Honor Randolph Baxter's ruling against CLI and I, Steve Haas.
Having Timely filed the Notice of Appeal and paid the Appropriate Fee of $255 as required I/We, Steven Haas/Collateral Logistics, Inc. (CLI) (the Plaintiff) request that the Appeal of the Judgment by His Honor Randolph Baxter of August 22, 2005 dismissing the CLI claim be heard in the United States District Court of Wilmington Delaware.
WHEREAS the Plaintiff does now hereby list the following items to be heard as record and issues on Appeal

1. Whether or not the sole shareholder of a corporate entity has the right to be heard as sole entitled beneficiary to such in a Bankruptcy Case. Specifically I Steve Haas as sole 100% stock holder of Collateral Logistics, Inc, whether the Corporate veil has been pierced or not pierced, has the right to be heard in the eToys Case as Collateral Logistics, Inc was contracted, with approval of the Court and had performed the duties and was denied payment after the performance. Whereas His Honor Baxter did unlawfully, unrighteous, lacking of Justice did dismiss the CLI claim as part of 41(b) Rules of Procedure.

2. Issues of Fraud which are the basic motivation for the denial of the CLI claim. Where CLI performed the work and the Estate of eToys hired as it's CEO the partner of the Attorney for the Creditors, in secret, without Court approval.

3. Issues of Fraud where the US Trustee Office designated Mark Kenney and having informed Mark Kenney repeatedly as Attorney for the US Trustee office and was told by Mark Kenney there was nothing wrong. Whereas to this date Mark Kenney has not sought sanctions against Barry Gold the CEO of the Debtor and Plan Administrator even when the Plan provides for his removal.

4. As a matter of law an attorney (Traub Bonacquist & Fox and his associates) cannot use the Bankruptcy Court as a personal tool for a personal vendetta in a retaliatory manner.

5. Whereas Traub Bonacquist & Fox, Barry Gold, Fred Rosner (and his various related firms), Morris Nichols Arsht & Tunnel and the Firm of Irell & Manella cannot testify against, or be witness against CLI or Steve Haas as they became my Attorney of record, having discouraged me from seeking Counsel as a cost saving measure to the ESTATE and have drafted CLI contracts, submitted same to Court, as such is even part of the CLI contract as a matter of law.

6. Whereas it is not permitted for the Court to approve an entity (CLI) to perform duties for an ESTATE and then to hire CLI and refuse to pay for services completed. Especially when the ESTATE has the means to pay.

7. That the HAAS Affidavit of Docket 816 is NOT a Waiver as has been stipulated by the opposing parties as part of the OMNI objections.

8. That His Honor Baxter did find wrong when he did state that there was no supporting documentation for CLI where CLI had multiple Affidavits by the former Chairman of the Creditors Committee.

9. This His Honor Baxter was incorrect in whole and/or in part in stating that the partial payment to CLI of $400,000.00 was a settlement along with the various other justification statements he made on August 22, 2005 and in His Honor Baxter's signed ORDER of August 25, 2005.

10. That the duties to Notify & Refer, along with the duties of sufficient Deterrent have been violated in the extreme and that this unlawful, unjust endeavor to dismiss the CLI claim actually serves as an encouragement to Fraud participants in the future.

11. That any interpretations of ambiguity is to be against the legal professional drafters and NOT CLI or Steve Haas.

12. That the HAAS AFFIDAVIT was improperly done as CLI was not serviced.

Items to be included for this Appeal are the following Court records.

13 The Original CLI "nunc pro tunc" orders (2) two separate items in 2001.
14 The Original CLI "nunc pro tunc" contracts (2) in 2001.
15 The Chairman of the Creditors Committee initial Affidavit.
16 The Chairman of the Creditors Committee follow up Affidavit which certifies the Fraud and Deception by Barry Gold and Paul Traub.
17 The Haas Affidavit docket number 816.

18. The CLI responses in Feb 2002, Fall 2002, throughout 2003, 2004 and 2005.
19. The Transcripts of the fall of 2002 which shows the intent to conceal on the part of Traub Bonacquist & Fox and Barry Gold
20. The Transcript of Dec 22, 2004 which documents the US Trustee acknowledgement of the concealed non disclosure of conflict and the changing of the Post Effective Date Committee.
21. The Court record responses that were directed by Her Honor Walrath for January 25, 2005 by the firm of Traub Bonacquist & Fox, Barry Gold, the Post Effective Date Committee and the firm of Morris Nichols Arsht & Tunnel.
22. The Transcript of the hearing of Feb 1, 2005.
23. The Depositions of the parties in question on Feb 9, 2005.
24. The US Trustee first Motion to Sanction (inadequately) on Feb 15, 2005.
25. The 2nd US Trustee Motion to Sanction Traub Bonacquist & Fox, insulting the Court, The System and all parties of interest with a settlement Motion on over 50 felonies. On Feb 25 thru 27 2005.
26. The Transcript of March 1, 2005. Where Paul Traub of Traub Bonacquist & Fox admits that he paid Barry Gold 4 separate payments of $30,000 each prior to placing Barry Gold on board the ESTATE as CEO at $40,000. per month verifying violation of the Scheme to Fix Fee's Statue.
27. Various other documents that support the allegations made and beg this Honorable Court to intercede and pursue Justice.

We also pray the Court to hear oral arguments by Steve Haas and/or CLI as we are without counsel, where no one will represent us in the pursuit of Justice against such overwhelming corruption. So that a clear presentation of the facts can be made.

Dated *Sept. 11, 2005*

Signed *S. Haas*

Pro Se Litigant. Steve Haas as President and Sole Shareholder 100% of Collateral Logistics, Inc. (CLI)

Service Sent electronically (email) to Fred Rosner of the Firm Jaspen Schellisnger as local counsel for the Post Effective Date Committee (PEDC) and a copy hand delivered to the Court on September 12, 2005.

United States District Court Federal for the District of Wilmington Delaware

In re: eToys 01-706 through 01-709 (jointly administrated)

I Steve Haas Pro Se and as 100% owner for Collateral Logistics, Inc ("CLI")
As collectively and separately are the Plaintiff (the "Plaintiff")

v

, ebel, Inc. formerly known as eToys, Inc. DE Fed Dist case # 01-706 thru 01-709 and the confirmed Plan Committee thereof the Post Effective Date Committee (the "PEDC") as collectively and separately are the Defendant (the "Defendant")

### Notice of Intent of Appeal

Whereas the Plaintiff appeals to the United States District Court for the District of Wilmington Delaware from the Judgement/order/decree of Randolph Baxter as visiting Justice assigned to the CLI claim in the eToys ESTATE case where His Honor Randolph Baxter in the Bankruptcy Court of Wilmington Delaware did rule to void and expunge the CLI claim on August 22, 2005 and did sign an Order to such effect on August 25, 2005.

Whereas I, Steven Haas, also known as Laser Steven Haas as 100% owner of CLI did perform work in compliance with a Court Order signed by Her Honor Mary F Walrath do this day, August 31, 2005 declare the intent to appeal and raise issue with His Honor Randolph Baxter's ruling against CLI and I, Steve Haas.

Dated _August 31, 2005_

Signed _____

Pro Se Litigant.

Service Sent electronically (email) to Fred Rosner of the Firm Jaspen Schellisnger as local counsel for the Post Effective Date Committee (PEDC)

And also to Fred Rosner by mail.

While also sending this letter, signed and dated by overnight carrier to the US Bankruptcy Court Clerks Office with the appropriate filing fee of $250 as required by the US Delaware Bankruptcy Court website.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
In re:

ETOYS, INC., et al.,

         Confirmed Debtors.

Chapter 11

Case Nos. 01-0706 (RB)
Through 01-0709 (RB)

Re: Docket Nos. 2287 & 2301
---------------------------------------------------------X

**ORDER (A) DISMISSING CLAIMS FILED BY COLLATERAL LOGISTICS, INC.
AND (B) DENYING EMERGENCY MOTION BY COLLATERAL LOGISTICS, INC.
FOR AN EXTENSION OF TIME TO SEEK NEW COUNSEL AND/OR TO ACT PRO SE**

    Upon the Motion by The Post Effective Date Committee to Dismiss Claims Filed by Collateral Logistics, Inc. [Docket No. 2301] (the "Motion to Dismiss") and the Emergency Motion by Collateral Logistics Inc. for an Extension of Time to Seek New Counsel and/or to Act Pro Se (the "Emergency Motion"); and due and sufficient notice of the hearing on the Motion to Dismiss having been given; and for the reasons set forth in the Motion to Dismiss and at the hearing thereon held on August 22, 2005 (the "August 22 Hearing"); and after due deliberation and good and sufficient cause having been shown, the Court hereby finds as follows:

    A.    CLI was retained by Orders dated April 25, 2001 [Docket No. 249] and July 9, 2001 [Docket No. 515] to provide transportation and security services in connection with the liquidation of estate inventory (together, the "CLI Retention Orders");

    B.    The CLI Retention Orders require CLI to file and serve periodic and final applications for payment of its fees for services rendered and reimbursement of expenses, including with such applications all supporting documentation;

    C.    CLI failed to file any fee applications as required by the CLI Retention Orders;

#14606.1

D. A dispute arose between the estate and CLI as to the amount of fees and expenses, if any, owed to CLI;

E. Representatives of the estate and CLI negotiated a compromise of the disputed fees and expenses as set forth in the Affidavit of Steven Haas in Support of Collateral Logistics, Inc.'s Request for Payment of Expenses dated November 28, 2001 (the "Affidavit") filed with the Court [Docket No. 2133];

F. CLI thereafter filed two "bare bone" proofs of claim dated February 14, 2002 and March 1, 2002 seeking payment beyond the amounts CLI previously was paid and the amounts agreed to as set forth in the Affidavit (together, the "CLI Claims");

G. The CLI Claims lack any supporting documentation as required by the Bankruptcy Rules;

H. The PEDC filed objections to the CLI Claims and thereafter sought discovery against CLI;

I. When CLI failed to properly and fully respond to the PEDC's discovery requests the PEDC filed a Motion to: (A) Compel Production of Documents and Responses to Discovery Requests; (B) Quash Subpoenas, and (C) Stay Third Party Discovery Requests Propounded By Collateral Logistics, Inc. (the "Motion to Compel") and a Supplement to the Motion to Compel;

J. The Motion to Compel was granted by Order dated December 6, 2004 [Docket No. 2133];

K. CLI failed to comply with the December 6, 2004 Order Granting the Motion to Compel;

#14606                                2

L.  By Order dated June 6, 2005 [Docket No. 2274], CLI was directed to obtain new counsel on or before June 20, 2005 at 4:00 p.m. with no further extensions;

M.  CLI failed to obtain substitute counsel on or before the June 20, 2005 deadline;

N.  By Order dated July 26, 2005 [Docket No. 2302] (the "Order Granting Motion to Strike"), the Court ruled that CLI could not appear *pro se* and specifically prohibited CLI from causing any future filings in this matter and specifically prohibited Steven Haas from representing or causing any future filings on behalf of CLI;

O.  The Order Granting the Motion to Strike specifically provided that any future pleadings by CLI *pro se* or Haas on behalf of CLI, shall result in the imposition of sanctions;

P.  The Order Granting Motion to Strike is in accord with the oral ruling made by Chief Judge Walrath on March 1, 2005 that CLI cannot appear *pro se*;

Q.  CLI filed its Emergency Motion on June 17, 2005 [Docket No. 2287];

R.  Following the entry, and in violation of, the Order Granting Motion to Strike, Steven Haas submitted the following pleadings on behalf of CLI and *pro se*:

   a.  Response by Collateral Logistics to PEDC Motion to Dismiss Collateral Logistics Claim; and

   b.  Motion by Steve Haas to Seek Compensation by 503(b) Substantial Contribution and to Object to the Post Effective Date Committee Motion to Dismiss Collateral Logistics;

S.  CLI had sufficient time to secure substitute counsel;

T.  CLI had ample opportunity to providing supporting documentation, if any, for the CLI Claims;

#14606                                    3

U. Rule 41(b) of the Federal Rules of Civil Procedure and relevant case law, see, e.g., *Workman v. Biles*, No. 00-1030, 2004 U.S. Dist. LEXIS 4948 (d. Del. March 18, 2004), identify its factors for a Court to consider in connection with dismissal of a claim for future to prosecute. Application of those factors to the facts presented here demonstrate cause to dismiss CLI claims; and

V. In connection with these findings, the Court takes judicial notice of the following:

(a) Order Authorizing and Approving Employment of Collateral Logistics, Inc. as Liquidation Consultant to the Debtors [Docket No. 249];

(b) Order Authorizing and Approving Employment of Collateral Logistics, Inc. as Liquidation Agent for the Debtors [Docket No. 515];

(c) Proof of Claim of Collateral Logistics, Inc. dated February 14, 2002;

(d) Proof of Claim of Collateral Logistics, Inc. dated March 1, 2002;

(e) Order Regarding Motion by Post-Effective Date Committee to Compel Responses to Discovery and for Other Appropriate Relief [Docket No. 2133];

(f) Order Granting Motion of The Bayard Firm and Brook & Hockman LLP for Leave to Withdraw as Counsel to Collateral Logistics, Inc. [Docket No. 2274]; and

(g) Order Dated July 25, 2001 [Docket No. 2302].

ACCORDINGLY, BASED ON THE FOREGOING AND THE RECORD MADE AT THE AUGUST 22 HEARING, IT IS HEREBY

ORDERED, that the Motion to Dismiss is granted, with prejudice, and the Emergency Motion is denied; and it is further

#14606                                    4

ORDERED, that the CLI Claims, including any administrative claim or other claim it has asserted or may assert against these estates, are disallowed and expunged in their entirety; and it is further

ORDERED, that this Court shall retain jurisdiction over any dispute relating to this Order.

Dated: August 25, 2005
Wilmington, Delaware

_____
United States Bankruptcy Judge

#14606                                        5