# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x

| | |
|---|---|
| In re: | : |
| | :    Chapter 11 |
| | : |
| ETOYS, INC., et al., | :    Case Nos. 01-0706 (RB) |
| | :    Through 01-0709 (RB) |
|      Confirmed Debtors. | : |
| | : |

-----------------------------------------------------------x

| | |
|---|---|
| STEVEN HAAS, | : |
| | : |
|      Appellant, | :    Civil Action No. 05-728 |
| | : |
|      v. | : |
| | : |
| ETOYS, INC. AND POST-EFFECTIVE DATE | : |
| COMMITTEE OF UNSECURED CREDITORS, | : |
| | : |
|      Appellee. | : |

## MEMORANDUM IN SUPPORT OF
## APPELLEE'S MOTION TO DISMISS APPEAL

Dated: October 18, 2005
     Wilmington, Delaware      **JASPAN SCHLESINGER HOFFMAN LLP**
                                      Frederick B. Rosner (No. 3995)
                                      913 North Market Street, 12th Floor
                                      Wilmington, DE  19801
                                      Telephone:   (302) 351-8005
                                      Facsimile:    (302) 351-8010

                                      Delaware Counsel to The Post-Effective
                                      Date Committee

## **TABLE OF CONTENTS**

Table of Authorities……………………………………………………………………ii

Nature and Stage of Proceedings……….……………………………………………1

Summary of Argument……………………………………………………………1

Statement of Facts…………..……………………………………….…………......2

Argument…………………………………………………………………………..3

Conclusion……………………………………………………………………...4

## TABLE OF AUTHORITIES

**Cases**

Carefirst of Maryland, Inc. v. Care First Transportation, Inc.
No. 02-229, 2002 U.S. Dist. LEXIS 22830 (D. Del. Nov. 1, 2002)…..………………….4

In re Etoys, Inc., *et al.*
Ch. 11 Case No. 01-706 (MFW) (Bankr. D. Del. October 4, 2005)……………………1, 4

Rowland v. California Men's Colony
506 U.S. 194, 201-202 (1993)…………………………………………………………….4

## NATURE AND STAGE OF PROCEEDINGS

Appellant Collateral Logistics, Inc. ("CLI") filed the present appeal (the "Appeal")
seeking review of the August 25, 2005 Order of the Bankruptcy Court (A) Dismissing Claims
Filed by Collateral Logistics, Inc. and (B) Denying Emergency Motion by Collateral Logistics,
Inc. for An Extension of Time to Seek New Counsel and/or to Act Pro Se.  In addition to filing
its Motion to Dismiss the Appeal, Appellee, The Post Effective Date Committee (the "PEDC"),
has filed a motion to stay further briefing on the Appeal until such time that the Motion to
Dismiss may be decided by this Court.

## SUMMARY OF ARGUMENT

Under well-settled governing law, appellant CLI, a corporate entity, cannot file an appeal
or represent itself *pro se* in an appeal.  As the Bankruptcy Court repeatedly ruled, see In re Etoys,
Inc., Ch. 11 Case No. 01-706 (MFW) at p. 5 (striking pleadings filed by CLI because a corporate
entity cannot appear *pro se*), a copy of which is attached hereto as **Exhibit "A"**, and **Exhibit
"B"** (various Orders of the Bankruptcy Court striking pleadings filed *pro se* by CLI), CLI cannot
represent itself in prosecuting its alleged claims against the Debtors.

Having been repeatedly admonished by the Bankruptcy Court -- that CLI cannot proceed
*pro se* -- Steven Haas a/k/a Laser Steven Haas, who purports to be the one-hundred (100%)
percent owner of CLI, now seeks, on appeal, to identify himself as the "appellant" herein.
However, CLI, not Haas individually, is the stakeholder here.  It is CLI, not Haas, that is the
subject of the Order from which the appeal has been taken.  It is CLI, not Haas, that was retained
to provide services to these estates.  In fact, Haas, individually, never filed any claim against the
Debtors, and therefore is not a party to this action.  This Court should disregard Haas' thinly
veiled attempt to obtain standing and dismiss this appeal.

**STATEMENT OF FACTS**

CLI, <u>not</u> Mr. Haas, was retained by these estates in April, 2001 as a professional to provide transportation and security services in connection with the liquidation of estate inventory.  CLI's retention order expressly requires CLI to file both interim and final fee applications with supporting records and invoices.  **<u>See</u> Exhibit "C"**.  CLI failed to do so.  CLI's engagement concluded by its own terms at the end of year 2001.  Although CLI never was excused from the requirement of filing fee applications, CLI did file two bare bone proofs of administrative claim on February 14, 2002 and on March 1, 2002.  **<u>See</u> Exhibit "D"**.  The claims are without merit, filed without <u>any</u> supporting documentation and were the subject of an objection by the PEDC.

More than <u>four</u> <u>years</u> after it ceased rendering services, CLI still had not filed any fee application, as expressly required by its own retention orders.  CLI's bad faith was further evidenced in the litigation commenced by the PEDC objecting to CLI's proofs of claim, including CLI's disingenuous responses to the PEDC's legitimate discovery requests and its complete disregard of the Bankruptcy Court's Order Regarding Motion by Post-Effective Date Committee to Compel Responses to Discovery.  CLI's responses to discovery were lacking; either ignoring requests completely or providing non-responsive answers.  CLI often offered up incredible and unsubstantiated excuses.  For example, CLI claimed that the records that support its claims either were "lost by a moving company"; or "a fire destroyed its documents"; or a computer hard drive containing the records was damaged beyond repair.  CLI has failed to provide any proof that any of these alleged events actually occurred.

The problems in administering these estates created by reason of CLI's failure to file its fee applications and lack of prosecution of its frivolous proofs of claim were severalfold.  A

substantial reserve had to be created in respect of CLI's disputed claims that held up distributions to holders of legitimate allowed claims. CLI's revolving door approach to hiring and firing lawyers to represent it further delayed administration of these cases. During the past year, CLI hired and subsequently parted company with <u>five</u> law firms.[1]  CLI's practice of hiring counsel, starting up the prosecution of its claims, firing counsel, and asking the Bankruptcy Court for additional time to find substitute counsel unnecessarily cost these estates tens of thousands of dollars in legal fees.

## ARGUMENT

It is well-settled that "[a] corporation may appear in federal court only by representation of a licensed attorney." <u>Carefirst of Maryland, Inc. v. Care First Transportation, Inc.</u>, No. 02-229, 2002 U.S. Dist. LEXIS 22830 (D. Del. Nov. 1, 2002) (<u>citing</u> <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-202 (1993)). In <u>Carefirst</u>, a motion to dismiss, filed by the president of the movant, who was not a Delaware licensed attorney, was denied on this ground.

The issue of CLI's authority to proceed *pro se* in these cases has been expressly denied in a recent opinion issued by Chief Bankruptcy Judge Walrath. <u>See</u> <u>In re Etoys, Inc.</u>, Bankruptcy Case No. 01-0706 (Bankr. D. Del. October 4, 2005) ("the pleadings filed by Mr. Haas on behalf of CLI have been stricken because a corporation must have counsel represent it in federal court"). <u>See</u> **Exhibit "A"** at p.5. It should be noted that the Bankruptcy Court orally denied CLI's request to appear *pro se* in March, 2005. The October 4, 2005 decision memorialized the Court's earlier ruling. <u>See</u> <u>also</u> **Exhibit "B"**.

CLI was well aware that it was not able to file or prosecute its Appeal *pro se* so Haas identified himself as the appellant. <u>See</u> **Exhibit "E"**. The Court should not countenance this

---

[1]  CLI has hired and fired the following firms: (i) Heiman, Gouge & Kaufman, LLP; (ii) Fainsbert Mase & Snyder, LLP; (iii) Fox Rothschild LLP; (iv) Brook & Hochman LLP; and (v) The Bayard Firm.

subterfuge.  Mr. Haas, individually, is not the subject of the Order from which the appeal has been taken.  See **Exhibit "F"**.  CLI, not Haas, was retained by the Debtors.  Haas never filed a claim against the Debtors' estates and is not a party to this action.  Styling himself, as opposed to CLI, as the appellant is a transparent attempt to have the CLI appeal heard by this Court causing further disruption and delay in the administration of the Debtors' estates.

## CONCLUSION

For the foregoing reasons, the PEDC respectfully request that the Court dismiss the Appeal with prejudice

Dated:  October 18, 2005
      Wilmington, Delaware           **JASPAN SCHLESINGER HOFFMAN LLP**

                 By:     */s/  Frederick B. Rosner*
                       Frederick B. Rosner (No. 3995)
                       913 North Market Street, 12th Floor
                       Wilmington, DE  19801
                       Telephone:  (302) 351-8000
                       Facsimile:   (302) 351-8010

                       Attorneys for The Post-Effective
                       Date Committee