**EXHIBIT "B"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| ETOYS, INC., et al., | ) | Case No. 01-0706 (MFW) |
| | ) | |
| Debtors. | ) | Related To Docket No._____ |

### ORDER GRANTING EXPEDITED CONSIDERATION OF BARRY GOLD'S MOTION TO STRIKE THE IMPROPER AND UNAUTHORIZED POST-HEARING PLEADINGS FILED BY STEVE HAAS A/K/A LASER HAAS, PURPORTEDLY ON BEHALF OF COLLATERAL LOGISTICS, INC.

THE COURT having considered Barry Gold's Motion for expedited consideration (the "Motion") of his Motion to strike (the "Motion to Strike") the improper and unauthorized post-hearing pleadings filed by Steve Haas a/k/a Laser Haas, purportedly on behalf of Collateral Logistics, Inc. (Docket Nos. 2291 – 2293), and any response thereto, and notice of the Motion having been appropriate under the circumstances, and good cause having been shown, IT IS HEREBY ORDERED:

1. The Motion is Granted. [handwritten: to Expedite]

2. The ~~Court will rule upon the~~ Motion to Strike ~~without further notice or a hearing.~~ [handwritten: is GRANTED because the pleadings purport to be filed by a corporation without counsel. ~~Since~~ A corporation may not appear or file pleadings in federal court without counsel. Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993). Docket Nos. 2291, 2292 & 2293 SHALL BE STRICKEN.]

_____
[signature] Mary F. Walrath
United States Bankruptcy Judge

Dated: ___June 27___, 2005

523084.1 6/24/05

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                                    IN PROCEEDINGS UNDER CHAPTER 11

ETOYS, INC., et al.                       CASE NOS. 01-0706 through 01-0709

Confirmed Debtors.                        JUDGE RANDOLPH BAXTER

ORDER

The matter before the Court is a pleading filed by Steven Haas which is captioned "Emergency Motion by Collateral Logistics, Inc. (CLI) For Summary Adjudication on Omni Statement on Haas Affidavit of November 2001 Specifically Ruling that the Haas Affidavit is Not a Waiver with Prejudice" (the "Emergency Motion"), and the Motion to Strike said Emergency Motion filed by the Post Effective Date Committee (the "PEDC"). After considering the pleadings, it is hereby:

ORDERED that, under applicable law, CLI cannot appear *pro se* in this matter (*See National Indep. Theatre Exhibitors v. Buena Vista Distrib.* 748 F.2d 602, 609 (11th Cir. 1984); *In re Tamojira, Inc.* 20 Fed. Appx. 133 (4th Cir. 2001); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20 (2d Cir. 1983)), and is specifically prohibited from causing any future filings to be made on the docket in this matter without the benefit of counsel; it is further

ORDERED that Steven Haas is not a licensed attorney and is prohibited from representing or causing any future filings in this matter on behalf of CLI; it is further

ORDERED that any future filings by CLI *pro se* or Haas on behalf of CLI, shall result in the imposition of sanctions; it is further

ORDERED that the above-referenced Motion to Strike is hereby granted as to the subject Emergency Motion and the request to limit notice and shorten time. Accordingly, the Clerk of Courts shall take all steps necessary to permanently delete from the Court's docket the Motion for Summary Adjudication [Docket No. 2284] and Motion to Limit Notice [Docket No. 2285]

filed by Steven Haas on behalf of CLI.

    IT IS SO ORDERED.

    Dated this 25th day of
July ~~June~~, 2005

_____
RANDOLPH BAXTER
UNITED STATES BANKRUPTCY JUDGE

2