**EXHIBIT "C"**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

---------------------------------x
: Chapter 11
In re: :
: Case Nos. 01-0706 (MFW)
ETOYS, INC., et al.[1] : through 01-0709 (MFW)
:
Debtors. :
: Jointly Administered
---------------------------------x

## ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COLLATERAL LOGISTICS, INC. AS LIQUIDATION CONSULTANT TO THE DEBTORS

Upon consideration of the Debtor's application (the "Application") for an order authorizing and approving its employment of Collateral Logistics, Inc. ("CLI") as liquidation consultant to the Debtors, and good and sufficient cause appearing,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A. The Court has jurisdiction over this Application under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408 and 1409.

B. Due and proper notice of the Application was given under the particular circumstances, and no other or further notice need be given.

---

[1] The Debtors are the following entities: eToys, Inc., a Delaware corporation; PMJ Corporation, a Delaware corporation; eKids, Inc., a Delaware corporation; and eToys Distribution, LLC, a Delaware LLC.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact as and when appropriate.

405597.01 07

1

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Application is granted.

2. The Debtors are authorized to employ CLI on the basis set forth in the CLI engagement agreement, nunc pro tunc to March 13, 2001, and are further authorized and empowered to take such actions as may be necessary to implement the terms and conditions of that employment.

3. Each month, or as soon thereafter as is practicable, CLI shall submit to the Debtors for their review and approval, and thereafter file with the Court and serve on the Office of the United States Trustee and counsel for the Official Committee of Unsecured Creditors (the "Committee"), an invoice for expenses incurred in connection with these cases. CLI shall submit with this invoice documentation supporting the charges for the expenses in the form required by the Office of the United States Trustee for professional fee applications.

4. If no written objection is filed with the Court and served on CLI with respect to the amount of the monthly invoice within ten (10) days after the service of the invoice, the Debtors are authorized to pay the invoice. If an objection is timely filed and served, the Debtors are authorized to pay only the undisputed amount of the invoice until such time as the objection has been resolved by this Court.

5. CLI shall file an application with the Court seeking allowance of its fees and costs incurred to that date and paid pursuant to the monthly payment procedure provided for herein. In addition, at the earlier of the conclusion of CLI's services or the conclusion of the cases, CLI shall file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid to CLI. In connection with is final

application for allowance of all fees and costs, CLI is excused from the requirements of Rule 2016-2(d) of the Local Rules of Practice and Procedures for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), except as to that portion of Local Rule 2016-2(d) that requires CLI to identify the general project categories in which it provided services. CLI shall serve notice of its final application on the Debtors, the Committee, the Office of the United States Trustee, all parties-in-interest and all parties required to be notified pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Upon final allowance of such fees and costs, the Debtors shall pay to CLI the amounts allowed by this Court that were not previously paid to CLI as interim reimbursements.

Dated: Wilmington, Delaware
       April 25, 2001

_____
United States Bankruptcy Judge

cc: [handwritten] counsel & UST 4/27/01

405397.01 07

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ETOYS, INC., et al., | ) | Case Nos. 01-0706 (MFW) |
| | ) | through 01-0709 (MFW) |
| Debtors. | ) | |

## ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COLLATERAL LOGISTICS, INC. AS LIQUIDATION AGENT FOR THE DEBTORS

Upon consideration of the Debtors' supplemental application (the "Supplemental Application") for an order authorizing and approving their further employment of Collateral Logistics, Inc. ("CLI") as liquidation agent for the Debtors, and good and sufficient cause appearing,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A. The Court has jurisdiction over this Supplemental Application under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Supplemental Application is proper under 28 U.S.C. §§ 1408 and 1409.

B. Due and proper notice of the Supplemental Application was given under the particular circumstances, and no other or further notice need be given.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact as and when appropriate.

5. With regard to each payment to be made by the Debtors pursuant to the Amendment and this Order, the Debtors shall determine the pro rata amounts due with respect to the properties and assets of each Debtor and each Debtor shall only be responsible for its pro rata portion of such payment.

6. Not less frequently than every four (4) months during the Extended Retention Period, or such time period as may be fixed by this Court for all retained professionals, CLI will file, with the assistance of Debtors' counsel, an application with this Court seeking an allowance of the Additional Fees, including but not limited to, the Success Fee provided for in the Amendment and paid pursuant to the monthly payment procedure provided for in the Amendment. In addition, within sixty (60) days after the Termination Date, CLI shall file, with the assistance of Debtors' counsel, an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid to the CLI. CLI, with the assistance of Debtors' counsel, will serve notice of its final application on: (i) the Debtors; (ii) the Committee; (iii) the Office of the United States Trustee, (iv) all parties-in-interest; and (v) all parties required to be notified pursuant to Bankruptcy Rule 2002. Upon final allowance of such fees and costs, the Debtors shall pay to CLI the amounts allowed by the Bankruptcy Court that were not previously paid to CLI as interim cost reimbursements. CLI understands and agrees that the proposed compensation arrangement will be subject to the provisions of section 328 of the Bankruptcy Code. CLI further understands and agrees that, to the extent that the aggregate interim payments made to CLI by the Debtors exceeds the amount that is ultimately allowed by the Bankruptcy Court, then CLI will be required to, and shall, promptly repay such overpayment amounts to the Debtors.

7. CLI shall file an application with the Court seeking allowance of its fees and costs incurred to that date and paid pursuant to the monthly payment procedure provided for herein. In addition, at the earlier of the conclusion of CLI's services or the conclusion of the cases, CLI shall file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid to CLI. In connection with is final application for allowance of all fees and costs, CLI is excused from the requirements of Rule 2016-2(d) of the Local Rules of Practice and Procedures for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), except as to that portion of Local Rule 2016-2(d) that requires CLI to identify the general project categories in which it provided services. CLI shall serve notice of its final application on the Debtors, the Committee, the Office of the United States Trustee, all parties-in-interest and all parties required to be notified pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Upon final allowance of such fees and costs, the Debtors shall pay to CLI the amounts allowed by this Court that were not previously paid to CLI as interim reimbursements.

Dated: Wilmington, Delaware
　　　　　July 9　　, 2001

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

231447v2

4

cc: Werkheiser & UST 7/10/01