IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
In re:                                          :
                                                :  Chapter 11
                                                :
ETOYS, INC., et al.,                            :  Case Nos. 01-0706 (RB)
                                                :  Through 01-0709 (RB)
         Confirmed Debtors.                     :
                                                :
-----------------------------------------------------------x
STEVEN HAAS,                                    :
                                                :
         Appellant,                             :  Civil Action No. 05-728 (KAJ)
                                                :
    v.                                          :
                                                :
ETOYS, INC. AND POST-EFFECTIVE DATE             :
COMMITTEE OF UNSECURED CREDITORS,               :
                                                :
         Appellee.                              :
```

REPLY BRIEF OF APPELLEE IN
SUPPORT OF MOTION TO DISMISS APPEAL

Dated: November 10, 2005          JASPAN SCHLESINGER HOFFMAN LLP

                         By:   /s/ Frederick B. Rosner
                               Frederick B. Rosner (No. 3995)
                               913 Market Street, 12th Floor
                               Wilmington, DE 19801
                               Telephone: (302) 351-8000
                               Facsimile: (302) 351-8010

                               Counsel to Appellee,
                               The Post Effective Date Committee

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................. ii

I.   Preliminary Statement ................................................................................. 1

II.   The Court Should Strike Much of the Haas Brief ...................................... 1

III.   The Appellant Cannot Appear *Pro Se* ........................................................ 3

IV.   The Appellant Lacks Standing .................................................................... 3

V.   Conclusion ................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**                                                                                                                           **Page**

<u>In re American Ready Mix, Inc.</u>,
14 F.3d 1497 (10th Cir.),
*cert. denied,* 115 S. Ct. 77 (1994)..................................................................................4

<u>In re Chateaugay Corp.</u>,
64 B.R. 990 (S.D.N.Y. 1986) ...........................................................................................2

<u>In re Indian Palms Associates, Ltd.</u>,
61 F.3d 197 (3d Cir. 1995) ...............................................................................................2

<u>In re Neshaminy Office Bldg. Assocs.</u>,
62 B.R. 798 (E.D. Pa. 1986)..............................................................................................2

<u>In re O'Brien Environmental Energy, Inc.</u>, 181 F.3d 527 (3d Cir. 1999) ..................4

<u>National Organization For Women, Inc. v. Scheidler, et al.</u>,
510 U.S. 249; 114 S. Ct. 798 (1994) ................................................................................3

<u>Travelers Ins. Co. v. H. K. Porter Co.</u>,
45 F.3d 737 (3d Cir. 1995) ...............................................................................................3

## Reply

### I.  Preliminary Statement

The central issue presented by Appellee's Motion to Dismiss Appeal (the "Motion") is whether Collateral Logistics, Inc. ("CLI"), an artificial entity[1], may appear in federal court and prosecute its appeal *pro se*? The Bankruptcy Court repeatedly answered that question in the negative. Recognizing that legal infirmity, Mr. Steven Haas, a/k/a Laser Steven Haas, purports to identify himself, not CLI, as the appellant.

This Court should not permit Mr. Haas to serve as the appellant in this appeal simply because CLI cannot proceed *pro se*. CLI, not Haas, is the sole party in interest. CLI, not Haas, was retained by the bankruptcy estate to liquidate inventory. CLI, not Haas, asserted the Proofs of Claim against the estate. Finally, and most significantly, the August 25 Order appealed from denied CLI's claims, not any claim asserted by Haas. Against this backdrop, it is very clear that Haas filed the appeal because he knew that CLI could not. It is respectfully submitted that this Court would be setting a dangerous precedent if it conferred appellate standing on disgruntled shareholders of a corporation when the claim owned solely by the corporation has been disallowed.

### II.  The Court Should Strike Much of the Haas Brief

In his "Brief Per Court's Scheduling Order on PEDC Motion to Dismiss Steven Haas, By Steven Haas; Sole Shareholder of Collateral Logistics, Inc. (the "Haas Brief"), Haas seeks to have the Court review documentary items not admitted into evidence and consider issues not adjudicated by the Bankruptcy Court in entering its August 25, 2005 Order: (A) Dismissing Claims Filed by Collateral Logistics, Inc. and (B) Denying

---

[1] CLI's status as a corporation in good standing under the laws of the State of California is called into question by a computer search of records maintained by the California Secretary of State. The records reveal CLI's status is listed as "suspended". See **Exhibit "A"**.

15538

Emergency Motion by Collateral Logistics, Inc. for an Extension of Time to Seek New Counsel and/or to Act *Pro Se* (the "August 25 Order"). The Haas Brief appears to be devoted more to issues related to the appeal Haas filed in respect of the Opinion and Order issued by Chief Bankruptcy Judge Walrath on October 4, 2005[2]. <u>See</u> *Steve Haas (a/k/a Laser Haas), As President of Collateral Logistics, Inc., Appellant, v. Traub, Bonacquist & Fox, LLP, Barry Gold, Morris Nichols Arsht & Tunnell LLP, and Post-Effective Date committee of EBCI, Inc.;* Civ. Action No. 05-____( ).

Relevant case law makes clear that "'the record on appeal should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision'". <u>In re Chateaugay Corp.</u>, 64 B.R. 990, 995 (S.D.N.Y. 1986) (quoting <u>In re W.T. Grant Co.</u>, 432 F. Supp. 105, 106 (S.D.N.Y. 1977)). <u>See</u> also <u>In re Neshaminy Office Bldg. Assocs.</u>, 62 B.R. 798, 708 (E.D. Pa. 1986) ("Items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record."). The United States Court of Appeals for the Third Circuit has held that, where a particular contested matter is sufficiently associated with the general administration of the debtor's estate, the relevant record should include documents filed in the main bankruptcy case. <u>In re Indian Palms Associates, Ltd.</u>, 61 F.3d 197, 204-205 (3d Cir. 1995). The Third Circuit made clear, however, that a document included in the record on appeal is still subject to principles that limit its use, including evidentiary competence and a fair opportunity for rebuttal. <u>Id.</u> at 205.

---

[2] Most of the Haas Brief is devoted to his perception of what transpired in a trial conducted before Chief Judge Walrath. The request by PEDC to dismiss the claims asserted by CLI, which was granted by the August 25 Order, was heard by Visiting Bankruptcy Judge Baxter.

15538                                                                                            2

The Haas Brief refers to a "List of Players", but the vast majority had no role in the CLI claim litigation. The Haas Brief refers to a "Listing of Facts that Appellant Testifies to Under Oath", but no testimony was given by Haas at the hearing on the PEDC's motion to dismiss CLI's claims. Paragraphs 2, 3, 4, 5, 8, 9, 10, 11, 12, 13[3], 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51 and 69 of the Haas Brief appear to have no bearing on this appeal. The Appellee submits that all of the foregoing is not relevant to this appeal and should be disregarded by the Court.

### III.  The Appellant Cannot Appear *Pro Se*

Haas knows well that CLI is the true party in interest in this matter but it cannot proceed *pro se*. Haas makes a transparent attempt to bypass this legal infirmity by identifying himself as the appellant herein. The Court should not countenance this subterfuge.

### IV.  The Appellant Lacks Standing

"Standing represents a jurisdictional requirement which is open to review at all stages of the litigation." *National Organization for Women, Inc. v. Scheidler, et al.*, 510 U.S. 249; 114 S. Ct. 798, 802 (1994). "Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising of another person's legal rights ...." *In re Price*, 173 B.R. 434, 439 (Bankr. N.D. Ga. 1994) (*quoting Allen v. Wright*, 468 U.S. 737, 750-51 (1984)).

To have standing to appeal a bankruptcy court order, a party must be a "party aggrieved" by that order. *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir. 1995) (comprehensive discussion of standing requirement for bankruptcy appeals). The

---

[3] Paragraph 13 of the Haas Brief states "As the tapes will show...." Appellee objects to any attempt to submit recordings of conversations that Haas may unlawfully have recorded.

15538                                        3

"person aggrieved" requirement is more stringent than the requirements for general Article III standing. In re O'Brien Environmental Energy, Inc., 181 F.3d 527 (3d Cir. 1999) ("O'Brien"). It is meant to be a limitation on appellate standing to avoid "endless appeals brought by a myriad of parties who are indirectly affected by every bankruptcy court order." In re American Ready Mix, 14 F.3d 1497, 1500, cert. denied, 115 S. Ct. 77 (1994) (quoting *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir. 1989)).

The question of appellate standing is a question of fact for the district court. O'Brien at 531. Generally, persons are aggrieved where their "'rights or interests are directly and adversely affected pecuniarily'" by the bankruptcy court order. Id. at 530 (emphasis added).

Even assuming *arguendo* that Haas is a shareholder of CLI, he clearly lacks standing to prosecute this appeal because he does not meet the "person aggrieved" requirement of appellate standing. Haas is not directly and adversely harmed pecuniarly by entry of the August 25 Order. That Order denied claims asserted by CLI, not Haas. Those claims were disputed, and the subject of hotly contested litigation. According to the proofs of claim filed by CLI, it owed hundreds and thousands of dollars in salary to employees/independent contractors. Upon information and belief, CLI's status as a corporation was suspended due to unpaid franchise taxes. See **Exhibit "A"**. Given that Haas' interest in CLI, if any, is residual (i.e. equity), and may be realized only after the tax, employee and whatever other claims exist against CLI have been satisfied, Haas' interest must be viewed as remote and contingent, and he cannot satisfy the strict standing requirements for bankruptcy appeals. Simply put, allowing a disgruntled

shareholder of a corporation to appeal an order disallowing a claim asserted by the corporation would open the floodgates to a myriad of appeals. Standing thus must be denied to Haas.

## V. Conclusion

WHEREFORE, Defendant respectfully requests that the Court enter an Order granting the Motion to Dismiss Appeal with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: November 10, 2005
      Wilmington, Delaware    **JASPAN SCHLESINGER HOFFMAN LLP**

By:   /s/ Frederick B. Rosner
Frederick B. Rosner (No. 3995)
913 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 351-8000
Facsimile: (302) 351-8010

Attorneys for Appellee, The Post Effective Date Committee