IN THE UNITED STATES APPEAL COURT
3RD CIRCUIT APPEAL

---------------------------------------------------------X
In re:                                                    :
                                                          :
                                                          : Chapter 11
                                                          :
ETOYS, INC., et al,                                       : Case Nos. 01-0706
Along with Barry Gold                                     : Through  01-0709
Fredrick Rosner                                           : Jointly Administrated
Traub Bonacquist & Fox                                    :
Morris Nichols Arsht & Tunnel                             :
:                                                         :
                                                          :
                                                          :
       Confirmed Debtorss.                                :
---------------------------------------------------------X

STEVEN HAAS., et al                                       :
                                                          :
       Appellant,                                         :
                                                          :
       v.                                                 : Civil Action No. 05-728
                                                          :
ETOYS, INC. AND POST-EFFECTIVE DATE:                        United States District Court
COMMITTEE OF UNSECURED CREDITORS                            Hon. Kent Jordan
TRAUB BONACQUIST & FOX, MORRIS                            :
NICHOLS ARSHT & TUNNEL BARRY GOLD
FREDRICK ROSNER
                                                          :
       Appellee.                                          :

**NOTICE OF APPEAL OF DISTRICT COURT DECISION
OF THE APPEAL OF STEVEN HAAS (A/K/A LASER HAAS) & COLLATERAL
LOGISTICS, INC FROM THE FINAL ORDER
OF JUDGE KENT JORDAN ON NOVEMBER 14, 2005**

*This day, December 7, 2005* I, Steven Haas, (a/k/a Laser Haas) also the CEO & President of Collateral Logistics, Inc. ("CLI") the Court approved liquidator in eToys 01-706 has sent to the United States District Court of Delaware a payment of $255 for the filing fee of Appeal to the 3rd Circuit Appeals Court of the Order, Final of November 14,

2005 that Judge Kent Jordan of the United States District Court did sign approving the Motion of the Post Effective Date Committee (the "PEDC") to dismiss the Appeal by Steven Haas/CLI for payment of the Court approved contract in eToys 01-706 and the dismissal thereof by Judge Randolph Baxter on Rule 41(b).

Therefore this Day this Appeal is processed, in a timely fashion according to the Rule of 30 days and with the corresponding amount of $255 being sent to the Clerk of the United States District Court in Wilmington Delaware. With a copy of the Order of Judge Kent Jordan and Judge Randolph Baxter.

Also this day a copy is mailed, by regular mail to Fredrick Rosner of Jaspen Schlesinger and Mark Kenney as Attorney to the US Trustee Office in Wilmington Delaware.

December 7, 2005

Respectfully Submitted

Steven Haas    Dec 7, 2005

CEO & President

Collateral Logistics, Inc./CLI

Laserhaas@msn.com

Bhaass@aol.com

310-819-7777

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ETOYS, INC., et al., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| STEVEN HAAS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-728-KAJ |
| | ) | |
| ETOYS, INC. AND POST-EFFECTIVE DATE COMMITTEE OF UNSECURED CREDITORS, | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER

At Wilmington this 14th day of November, 2005,

For the reasons set forth by the court during the telephonic oral argument,

IT IS HEREBY ORDERED that appellee's motion to dismiss the appeal (D.I. 5) is GRANTED.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
In re:

                                      Chapter 11

ETOYS, INC., et al.,                        Case Nos. 01-0706 (RB)
                                      Through 01-0709 (RB)
               Confirmed Debtors.

                                      Re: Docket Nos. 2287 & 2301
------------------------------------------------------X

### ORDER (A) DISMISSING CLAIMS FILED BY COLLATERAL LOGISTICS, INC. AND (B) DENYING EMERGENCY MOTION BY COLLATERAL LOGISTICS, INC. FOR AN EXTENSION OF TIME TO SEEK NEW COUNSEL AND/OR TO ACT PRO SE

Upon the Motion by The Post Effective Date Committee to Dismiss Claims Filed by Collateral Logistics, Inc. [Docket No. 2301] (the "Motion to Dismiss") and the Emergency Motion by Collateral Logistics Inc. for an Extension of Time to Seek New Counsel and/or to Act Pro Se (the "Emergency Motion"); and due and sufficient notice of the hearing on the Motion to Dismiss having been given; and for the reasons set forth in the Motion to Dismiss and at the hearing thereon held on August 22, 2005 (the "August 22 Hearing"); and after due deliberation and good and sufficient cause having been shown, the Court hereby finds as follows:

      A.     CLI was retained by Orders dated April 25, 2001 [Docket No. 249] and July 9, 2001 [Docket No. 515] to provide transportation and security services in connection with the liquidation of estate inventory (together, the "CLI Retention Orders");

      B.     The CLI Retention Orders require CLI to file and serve periodic and final applications for payment of its fees for services rendered and reimbursement of expenses, including with such applications all supporting documentation;

      C.     CLI failed to file any fee applications as required by the CLI Retention Orders;

#14606.1

H- 8/22/05-
    jm

D.  A dispute arose between the estate and CLI as to the amount of fees and expenses, if any, owed to CLI;

E.  Representatives of the estate and CLI negotiated a compromise of the disputed fees and expenses as set forth in the Affidavit of Steven Haas in Support of Collateral Logistics, Inc.'s Request for Payment of Expenses dated November 28, 2001 (the "Affidavit") filed with the Court [Docket No. 2133];

F.  CLI thereafter filed two "bare bone" proofs of claim dated February 14, 2002 and March 1, 2002 seeking payment beyond the amounts CLI previously was paid and the amounts agreed to as set forth in the Affidavit (together, the "CLI Claims");

G.  The CLI Claims lack any supporting documentation as required by the Bankruptcy Rules;

H.  The PEDC filed objections to the CLI Claims and thereafter sought discovery against CLI;

I.  When CLI failed to properly and fully respond to the PEDC's discovery requests the PEDC filed a Motion to: (A) Compel Production of Documents and Responses to Discovery Requests; (B) Quash Subpoenas, and (C) Stay Third Party Discovery Requests Propounded By Collateral Logistics, Inc. (the "Motion to Compel") and a Supplement to the Motion to Compel;

J.  The Motion to Compel was granted by Order dated December 6, 2004 [Docket No. 2133];

K.  CLI failed to comply with the December 6, 2004 Order Granting the Motion to Compel;

#14606                                    2

L. By Order dated June 6, 2005 [Docket No. 2274], CLI was directed to obtain new counsel on or before June 20, 2005 at 4:00 p.m. with no further extensions;

M. CLI failed to obtain substitute counsel on or before the June 20, 2005 deadline;

N. By Order dated July 26, 2005 [Docket No. 2302] (the "Order Granting Motion to Strike"), the Court ruled that CLI could not appear *pro se* and specifically prohibited CLI from causing any future filings in this matter and specifically prohibited Steven Haas from representing or causing any future filings on behalf of CLI;

O. The Order Granting the Motion to Strike specifically provided that any future pleadings by CLI *pro se* or Haas on behalf of CLI, shall result in the imposition of sanctions;

P. The Order Granting Motion to Strike is in accord with the oral ruling made by Chief Judge Walrath on March 1, 2005 that CLI cannot appear *pro se*;

Q. CLI filed its Emergency Motion on June 17, 2005 [Docket No. 2287];

R. Following the entry, and in violation of, the Order Granting Motion to Strike, Steven Haas submitted the following pleadings on behalf of CLI and *pro se*:

    a. Response by Collateral Logistics to PEDC Motion to Dismiss Collateral Logistics Claim; and

    b. Motion by Steve Haas to Seek Compensation by 503(b) Substantial Contribution and to Object to the Post Effective Date Committee Motion to Dismiss Collateral Logistics;

S. CLI had sufficient time to secure substitute counsel;

T. CLI had ample opportunity to providing supporting documentation, if any, for the CLI Claims;

#14606

3

U. Rule 41(b) of the Federal Rules of Civil Procedure and relevant case law, *see, e.g., Workman v. Biles*, No. 00-1030, 2004 U.S. Dist. LEXIS 4948 (d. Del. March 18, 2004), identify its factors for a Court to consider in connection with dismissal of a claim for future to prosecute. Application of those factors to the facts presented here demonstrate cause to dismiss CLI claims; and

V. In connection with these findings, the Court takes judicial notice of the following:

(a) Order Authorizing and Approving Employment of Collateral Logistics, Inc. as Liquidation Consultant to the Debtors [Docket No. 249];

(b) Order Authorizing and Approving Employment of Collateral Logistics, Inc. as Liquidation Agent for the Debtors [Docket No. 515];

(c) Proof of Claim of Collateral Logistics, Inc. dated February 14, 2002;

(d) Proof of Claim of Collateral Logistics, Inc. dated March 1, 2002;

(e) Order Regarding Motion by Post-Effective Date Committee to Compel Responses to Discovery and for Other Appropriate Relief [Docket No. 2133];

(f) Order Granting Motion of The Bayard Firm and Brook & Hockman LLP for Leave to Withdraw as Counsel to Collateral Logistics, Inc. [Docket No. 2274]; and

(g) Order Dated July 25, 2001 [Docket No. 2302].

ACCORDINGLY, BASED ON THE FOREGOING AND THE RECORD MADE AT THE AUGUST 22 HEARING, IT IS HEREBY

ORDERED, that the Motion to Dismiss is granted, with prejudice, and the Emergency Motion is denied; and it is further

#14606                                    4

ORDERED, that the CLI Claims, including any administrative claim or other claim it has asserted or may assert against these estates, are disallowed and expunged in their entirety; and it is further

ORDERED, that this Court shall retain jurisdiction over any dispute relating to this Order.

Dated: August 25, 2005
Wilmington, Delaware

_____
United States Bankruptcy Judge

#14606                                                      5